

# Fourth Court of Appeals
## San Antonio, Texas

December 9, 2014

No. 04-14-00843-CR

Shawn L. **SANDERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR5452
Honorable Philip A. Kazen, Jr., Judge Presiding

## O R D E R

Defendant pled nolo contendre to aggravated assault with a deadly weapon and was sentenced within the terms of a plea bargain. The trial court imposed or suspended sentence on January 28, 2013. A motion for new trial was due on February 27, 2013. Appellant filed a motion for new trial on November 7, 2014. Because appellant did not timely file a motion for new trial, the notice of appeal was due to be filed February 27, 2013. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on March 14, 2013. Tex. R. App. P. 26.3. Appellant filed a motion for extension of time to file a late notice of appeal on October 23, 2014. Appellant filed notices of appeal on October 23, 2014 and November 25, 2014.

Therefore, it is ORDERED that appellant show cause in writing **no later than December 29, 2014** why this appeal should not be dismissed for lack of jurisdiction.

We also note the trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain case, and the defendant has NO right of appeal" and "defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by defendant; therefore, the trial court's certification accurately reflects that defendant's case is a plea bargain case and defendant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted defendant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d).

If appellant demonstrates this court has jurisdiction, it is nevertheless ORDERED this appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification that shows defendant has the right of appeal has been made part of the appellate record by **January 7, 2015**. *See Daniels v. State*, 110 S.W.3d 174 (Tex. App.— San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1.

All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_____
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of December, 2014.

_____
Keith E. Hottle
Clerk of Court